IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Eric D., | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| | ) | Case No. 3:21-cv-50365 |
| v. | ) | |
| | ) | Magistrate Judge Lisa A. Jensen |
| Kilolo Kijakazi, | ) | |
| Acting Commissioner of Social Security,[1] | ) | |
| | ) | |
|     *Defendant*. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Eric D. brings this action under 42 U.S.C. § 405(g) seeking reversal or a remand of the decision denying him social security benefits.[2] For the reasons set forth below, the Commissioner's decision is affirmed.

**I. Background**

In May 2019, Plaintiff filed an application for supplemental security income alleging a disability beginning on September 3, 2018 due to the following illnesses, injuries, or conditions: spinal/back injury, neck injury, left knee/leg, arthritis, high blood pressure, and inflammation in the left knee. R. 91. His claims were initially denied on August 1, 2019, and upon reconsideration on February 27, 2020. Thereafter, he filed a written request for a hearing. A telephonic hearing was held before an Administrative Law Judge ("ALJ") on November 24, 2020.

On January 29, 2021, the ALJ issued an unfavorable decision finding Plaintiff was not entitled to benefits. The ALJ found that Plaintiff's severe impairments included degenerative disc

---

[1] Kilolo Kijakazi has been substituted for Andrew Marshall Saul. Fed. R. Civ. P. 25(d).
[2] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c).

disease and degenerative joint disease. The ALJ determined that Plaintiff's severe impairments did not meet or medically equal a listed impairment. The ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform light work with certain restrictions. The ALJ determined that Plaintiff had no past relevant work but that there were jobs that existed in significant numbers in the national economy that he could perform, including a cashier, housekeeper, and janitorial cleaner. Plaintiff requested review by the Appeals Council, which was denied on July 22, 2021. Plaintiff appealed the ALJ's decision to this Court on September 23, 2021.

## II. Standard of Review

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions." *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021) (citations omitted). The reviewing court may not "reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

## III. Discussion

During the hearing, the ALJ called a vocational expert ("VE"). The ALJ questioned the VE about several hypotheticals and details about the jobs the VE referenced. At the end, the ALJ asked the VE three questions. The ALJ first asked about the source the VE relied upon when testifying

2

about job numbers in the national economy, and the VE responded that they came from the Bureau of Labor Statistics. The ALJ next asked when those job numbers were last updated or when they were last reviewed by the VE, to which the VE replied that the numbers were last updated in May 2019. The ALJ also asked whether the job numbers also included part-time jobs, and the VE stated that only full-time work is considered. When the ALJ offered Plaintiff's counsel an opportunity to question the VE, Plaintiff's counsel declined. R. 75.

Plaintiff raises just one issue on appeal. He argues that the ALJ erred in relying on the VE's testimony because it lacked reliability and, as such, the Commissioner did not meet her burden at step five of the sequential evaluation. Plaintiff provides three reasons to support this argument. The first reason Plaintiff provides is that the VE falsely testified about the source of his job incidence data. Plaintiff argues that, contrary to the VE's testimony, the Bureau of Labor Statistics no longer uses the Dictionary of Titles ("DOT"), which was where the VE had derived his job titles and numbers, and that the Bureau does not publish job incidence data according to DOT-code descriptions of occupations. Pl.'s Br. at 8, Dkt. 10. The second reason Plaintiff cites is that the VE falsely testified about the types of jobs encompassed in the job number estimates. Plaintiff argues that the Bureau of Labor Statistics does not provide job incidence data restricted to full-time work. *Id*. at 7. The final reason cited by Plaintiff is that the VE falsely testified about when the source he relied upon was last updated. Plaintiff argues that the Bureau's most recent update of job incidence data was May 2020, not May 2019. *Id*. at 8.

Plaintiff concedes that he did not object to the VE's testimony during the hearing. Nevertheless, Plaintiff argues that "the Seventh Circuit has made clear that in an obvious case such as this, no objection is required for review of the overall reliability of vocation testimony concerning the DOT." Pl.'s Br. at 8, Dkt. 10.

3

The Commissioner argues that the ALJ obtained a sufficient basis to determine that the VE's testimony was reliable and that because Plaintiff did not challenge the foundation for the VE's job number estimates at the hearing, he has forfeited the argument. The Commissioner also asserts that, contrary to Plaintiff's characterization, the VE's testimony did not present an obvious conflict for which the ALJ had a duty to investigate. Def.'s Resp. at 3-6, Dkt. 12.

As an initial matter, this Court must address the specific issue Plaintiff raises on appeal. Plaintiff argues there was an insufficient basis for the VE's testimony regarding job number estimates. However, in arguing that he has not forfeited the issue by failing to object, Plaintiff relies on, and appears to be confusing, two distinct lines of cases addressing objections to VE testimony.

The first line of cases addresses an ALJ's affirmative duty to question a VE when there is an apparent conflict between the VE's testimony regarding the jobs a claimant can perform and the DOT definitions of those jobs. Social Security Ruling SSR 00-4p states that if evidence from a VE "appears to conflict with the DOT," an ALJ must obtain "a reasonable explanation for the apparent conflict." SSR 00-4p at 5, 2000 WL 1898704. However, ALJs are only required to investigate and resolve *apparent* conflicts. As such, if the claimant fails to object at the time of the hearing, the claimant must show on appeal that the conflict was obvious enough that the ALJ should have picked up on it without any assistance. *See Overman v. Astrue*, 546 F.3d 456, 463 (7th Cir. 2008); *Prochaska v. Barnhart*, 454 F.3d 731, 735 (7th Cir. 2006).

Plaintiff cites to *Overman* and *Prochaska* for the proposition that he was not required to object to the reliability of the VE's job estimates. Yet, Plaintiff is not arguing that the VE's testimony regarding the jobs he could perform was inconsistent with the DOT definitions. Instead, Plaintiff argues that the VE's testimony was unreliable because the Bureau does not contain jobs

4

information relating to DOT codes. This is not the type of conflict with the DOT that is addressed in *Overman* and *Prochaska*. Because the DOT "contains no statistics regarding the number of jobs in a given job category that exist in the local, state, or national economy," *Herrmann v. Colvin*, 772 F.3d 1110, 1113 (7th Cir. 2014), there is "no apparent conflict where the DOT does not address the specific issue." *Plummer v. Berryhill*, 3:16-CV-615-MGG, 2017 WL 4416838, at *3 (N.D. Ind. Oct. 4, 2017); *see also Surprise v. Saul*, 968 F.3d 658, 663 (7th Cir. 2020) (declining to find that the ALJ overlooked an "apparent conflict" in the VE's testimony in part because the plaintiff identified no authority to support that an apparent conflict existed).

Instead, Plaintiff's argument is addressed in a second line of cases, which requires a claimant to object to the reliability of the VE's job number estimates at the hearing. *See Ricardo L. v. Saul*, 19 CV 4831, 2021 WL 83551, at *3 n.4 (N.D. Ill. Jan. 11, 2021); *Coyier v. Saul*, 860 F. App'x 426, 427-28 (7th Cir. 2021) (unpublished) ("Coyier waived any challenge to the VE's testimony by failing to ask any questions to reveal shortcomings in the job-number estimates or to submit a supplemental brief on the issue despite assuring the court prior to and at the hearing that he would do so. These omissions effectively conceded the reliability of the VE's job numbers.").

Plaintiff cites to three cases addressing the reliability of a VE's testimony to broadly argue that he may challenge the basis for a VE's job numbers testimony without objecting at the hearing. However, the cases Plaintiff cites do not support his argument. In two of the cases Plaintiff cites, *Herrmann*, 772 F.3d at 1112-14 and *Browning v. Colvin*, 766 F.3d 702, 708-09 (7th Cir. 2014), the Seventh Circuit says nothing about objections, so these do not support Plaintiff's argument. In another case Plaintiff cites, *Brace v. Saul*, 970 F.3d 818, 822 (7th Cir. 2020), the claimant had objected to the VE's methodology but the ALJ accepted the testimony anyway, reasoning that the claimant should have objected to the VE's qualifications before he began testifying. The Seventh

5

Circuit held that a claimant need not object to a VE's qualifications in order to later object to their methodology. *Id*. *Brace* does not support Plaintiff's argument because he failed to object to or even cross examine the VE at the hearing.

For the first time on appeal, Plaintiff argues that the VE's testimony was not "cogent or thorough" and that the VE's testimony was "obviously unreliable." Pl.'s Br. at 9, Dkt. 10. However, at the hearing, the VE's testimony remained uncontradicted and uncontested. Accordingly, the Court agrees with the Commissioner that Plaintiff forfeited his argument about the VE's testimony when he failed to object at the hearing.[3] The Seventh Circuit has held on numerous occasions that a claimant that fails to object or even ask questions to reveal shortcomings in the VE's testimony during the hearing forfeits any challenge to the VE's testimony. *See Coyier*, 860 F. App'x at 427-28; *Collins v. Berryhill*, 743 F. App'x. 21, 26 (7th Cir. 2018) ("Collins forfeited [his challenge to the VE's testimony] by not objecting at the hearing."); *Liskowitz v. Astrue*, 559 F.3d 736, 744 (7th Cir. 2009) ("[Liskowitz] forfeited [her argument about the VE's sources] by failing to object to the VE's testimony during the hearing."); *Barrett v. Barnhart*, 355 F.3d 1065, 1067 (7th Cir. 2004), on reh'g, 368 F.3d 691 (7th Cir. 2004) ("[B]ecause Barrett's lawyer did not question the basis for the [VE's] testimony, . . . any objection to it is forfeited.");

---

[3] Even if Plaintiff's argument that the VE's testimony was false, and therefore cannot satisfy substantial evidence in support of the ALJ's step five determination, were not forfeited, it is unsupported. Plaintiff takes issue with the VE's use of the Bureau of Labor Statistics to estimate DOT jobs, but it is a source commonly relied on by VEs. *See Sok v. Kijakazi*, 20-CV-489-WMC, 2021 WL 4350566, at *4 (W.D. Wis. Sept. 24, 2021) (finding no error in the ALJ's reliance on VE testimony where the VE relied on "sources commonly used in social security matters -- namely, the Bureau of Labor Statistics Occupational Employment Survey, the DOT, and the SOC, all of which are government publications"). Plaintiff also argues that the Bureau does not provide job incidence data restricted to full-time work but merely cites to the Bureau of Labor Statistics website without any specific citation in support. Pl.'s Br. at 7, Dkt. 10. Moreover, the VE testified that he only "considered" full-time work, not that the Bureau only provided data on full-time work. R. 75. Lastly, Plaintiff again cites to the Bureau website to argue that the job incidence data was last updated in May 2020, instead of May 2019 as the VE testified. Again, Plaintiff gives no specific citation to indicate what portions were updated and when. Accordingly, Plaintiff's objections on appeal do not call into question the VE's testimony about his job numbers.

*Donahue v. Barnhart*, 279 F.3d 441, 446–47 (7th Cir. 2002) ("When no one questions the [VE's] foundation or reasoning [at the hearing], an ALJ is entitled to accept the [VE's] conclusion."). In the instant case, neither Plaintiff nor his counsel objected at the hearing and, moreover, counsel declined the opportunity to cross-examine the VE. Therefore, the Court concludes that Plaintiff forfeited his argument regarding the VE's testimony. Because Plaintiff has not provided the Court with a sufficient reason for remand, the Court must affirm the ALJ's decision.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment is denied, the Commissioner's motion is granted, and the ALJ's decision is affirmed.

Date: August 18, 2022      By:     *Lisa A.*
                                   Lisa A. Jensen
                                   United States Magistrate Judge